NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY KHAI, | No. 19-55201 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03124-PA-JC |
| v. | |
| COUNTY OF LOS ANGELES; LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted September 29, 2020[**]
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and ZOUHARY,[***] District Judge.

Jerry Khai appeals from the district court's grant of summary judgment in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

his action brought under 42 U.S.C. § 1983 against the County of Los Angeles and the Los Angeles County Department of Children and Family Services (collectively, "the County"), alleging the County violated his due process rights by failing to provide him with notice and opportunity to challenge his inclusion in California's Child Welfare System/Case Management System ("CWS/CMS"). We deferred submission of this case pending resolution in *Endy v. County of Los Angeles*, which was recently decided. *See* No. 19-55663, 2020 WL 5417154 (9th Cir. Sept. 10, 2020). We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's grant of summary judgment de novo, *Endy*, 2020 WL 5417154 at *1, we affirm.

The court's decision in *Endy* controls the outcome here. In that case, we considered whether the County of Los Angeles violated James Endy's due process rights by maintaining child abuse reports against Endy in CWS/CMS—where CWS/CMS reflected that the reports against Endy were deemed "unfounded"— without giving Endy an opportunity to challenge the reports. *Id.* at *4. The panel held that the inclusion of "unfounded" child abuse allegations in CWS/CMS did not deprive Endy of a "stigma-plus" liberty interest. *Id.* (citing *Humphries v. Cty. of Los Angeles*, 554 F.3d 1170, 1185 (9th Cir. 2009)). First, "[g]iven the 'unfounded' nature of the child abuse allegations against Endy listed in CWS/CMS, coupled with the confidentiality of the information in CWS/CMS," the

2

panel concluded that Endy had not shown that he suffered stigma. *Id.* at *6.

Second, because Endy had not supported his allegations that he faced a "tangible burden" with respect to his ability to gain a promotion, visit and volunteer at his daughter's school, or adopt a child or become a guardian on account of his inclusion in CWS/CMS, the panel concluded that Endy had not shown the requisite "plus" to survive summary judgment. *Id.* at *6–7. And without establishing a protectible liberty interest, Endy's due process claim failed. *Id.* at *7.

Khai's claim of a "stigma-plus" liberty interest in challenging CWS/CMS's inclusion of "unfounded" child abuse allegations fails for similar reasons. First, Khai has not shown how the inclusion of any "unfounded" allegations in CWS/CMS has caused him reputational harm. Second, even if Khai could show stigma, he has also failed to support his claims that he faced a "tangible burden" on account of his inclusion in CWS/CMS. The record does not support Khai's allegation that he is unable regain his job as a teacher. And, to establish a burden on his rights to foster or adopt a child, Khai relies on the same policies and evidence rejected as insufficient in *Endy*. *Id.*

We thus conclude that Khai failed to raise a triable issue as to whether his inclusion in CWS/CMS deprived him of a constitutional liberty interest, and we

3

need not reach the issue whether the attendant procedures were sufficient.[1]

**Affirmed.**

---

[1] We also do not reach Khai's passing references to a right to privacy, as "arguments presented in such a cursory manner are waived." *Badgley v. United States*, 957 F.3d 969, 978–79 (9th Cir. 2020); Fed. R. App. P. 28(a)(8)(A).